**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RAJEANNA DIXON, )<br>)<br>Plaintiff, )<br>)<br>v.   )<br>)<br>OKLAHOMA BOARD OF VETERINARY )<br>MEDICAL EXAMINERS; and KATHY )<br>KIRKPATRICK, in her individual capacity, )<br>)<br>Defendants. ) | Case No. CIV-06-1003-M |

**ORDER**

Before the Court is "Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment" [docket no. 7], filed October 20, 2006. On November 17, 2006, Plaintiff filed her response, and on December 11, 2006, Defendants filed their reply. Based on the parties' submissions, the Court makes its determination.

I.   INTRODUCTION

Plaintiff was employed by Defendant Oklahoma Board of Veterinary Medical Examiners ("OBVME") from June, 2000 until her employment was terminated on July 14, 2000. Defendant Cathy Kirkpatrick ("Kirkpatrick") was at all relevant times the Executive Director of OBVME. Plaintiff alleges that Kirkpatrick was acting under color of state law and within the scope of her emloyment when she terminated Plaintiff's employment allegedly in retaliation for reporting wrongdoing at OBVME, including the improper expenditure of public funds, inappropriate and illegal behavior by OBVME employees, such as speeding and driving state-owned vehicles in an unsafe manner, and racial discrimination by agency employees. Plaintiff asserts that her speech was protected by the First Amendment and that her termination was a violation of the First Amendment and Oklahoma's public policy. Additionally, Plaintiff alleges that Defendants willfully refused to

compensate her for overtime that she worked while employed there and that she did not receive compensatory time in lieu of overtime compensation for such time.

On September 18, 2006, Plaintiff filed the instant action alleging, *inter alia*, that Defendants violated the First Amendment and Oklahoma public policy by terminating her in retaliation for exercising her right to speak on matters of public concern, and that Defendants violated the Fair Labor Standards Act and breached her employment contract by failing to compensate her for overtime that she worked. Defendants move for summary judgment on all of Plaintiff's claims.

## II.    STANDARD

Summary judgment is proper "if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" that is "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . ." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted). When deciding whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Simms v. Okla. ex rel. Dep't of Mental Health*, 165 F.3d 1321, 1326 (10th Cir. 1999).

At the summary judgment stage the Court's function is not to weigh the evidence, but to determine whether there is a genuine issue of material fact for trial. *Willis v. Midland Risk Ins. Co.*, 42 F.3d 607, 611 (10th Cir. 1994). "An issue is genuine if [, viewing the full record,] there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248). "The mere existence of a scintilla of evidence in support of the [Plaintiff]'s position is

insufficient to create a dispute of fact that is 'genuine' . . . ." *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Adler*, 144 F.3d at 670 (citing *Anderson*, 477 U.S. at 248). Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, a defendant is entitled to judgment on that cause of action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), *cited in Rocking Chair Enters., L.L.C. v. Macerich SCG Ltd. P'ship*, 407 F. Supp. 2d 1263 (W.D. Okla. 2005).

III.   DISCUSSION

    A.   First Amendment Claim

"To determine whether a public employer has infringed the employee's freedom of expression, [the court] appl[ies] a four-part test, known as the *Pickering/Connick* test." *Horstkoetter v. Dep't of Pub. Safety*, 159 F.3d 1265, 1271 (10th Cir. 1998). The four-part test is:

    1.   Whether the speech in question involves a matter of public concern.

    2.   If so, the court then must weigh the employee's interest in the expression against the government employer's interest in regulating the speech of its employees so that it can carry on an efficient and effective workplace.

    3.   The employee must show that the speech was a substantial factor driving the challenged governmental action.

    4.   If so, can the employer show that it would have taken the same employment action against the employee even in the absence of the protected speech.

*Id*. "The first two parts of this test are questions of law for the court; the remaining two steps are questions of fact for the jury." *Id*.

1. First Prong of the *Pickering/Connick* Test

Under the first prong, "[a] matter is of public concern, and therefore entitled to First Amendment protection, if it is of interest to the community, whether for social, political, or other reasons. If the matter is of merely personal interest to the government employee, then the speech is not protected by the First Amendment." *Id.* (internal quotations and citations omitted). The Tenth Circuit has held an employee's candidacy for office "undoubtedly relates to matters of public concern." *Jantzen v. Hawkins*, 188 F.3d 1247, 1257 (10th Cir. 1999) (citing *Monitor Patriot Co. v. Roy*, 401 U.S. 265, 272 (1971) (First Amendment's "constitutional guarantee has its fullest and most urgent application precisely to the conduct of campaigns for political office"); *Cragg v. City of Osawatomie*, 143 F.3d 1343, 1346 (10th Cir. 1998)("We would be hard pressed to classify the election of a city council member as anything other than a matter of great public concern.")).

The matters on which Plaintiff spoke include, *inter alia*, improper expenditures of public funds, illegal behavior by OBVME employees including speeding in state-owned vehicles, and discriminatory practices. Having carefully considered the parties' submissions and viewing the evidence and all reasonable inferences therefrom in the light most favorable to Plaintiff, the Court finds that Plaintiff has satisfied the first prong of the *Pickering/Connick* test.

2. Second Prong of the *Pickering/Connick* Test

Under the second prong, the Court must "weigh the employee's interest in the expression against the government employer's interest in regulating the speech of its employees so that it can carry on an efficient and effective workplace. The employee's speech is protected only if his interest in engaging in the speech outweighs the government employer's interest in regulating it." *Horstkoetter*, 159 F.3d at 1271 (internal citation omitted). "[T]he employee's First Amendment free

speech rights are protected unless the employer shows that some restriction is necessary to prevent the disruption of official functions or to insure effective performance by the employee." *Gardetto v. Mason*, 100 F.3d 803, 815 (10thCir. 1996) (internal quotations and citations omitted).

In performing this balancing, relevant considerations a court should consider include: "whether the statement impairs discipline by superiors or harmony among co-workers, has a detrimental impact on close working relationships for which personal loyalty and confidence are necessary, or impedes the performance of the speaker's duties or interferes with the regular operation of the enterprise." *Id.* (internal quotations and citations omitted). The employer "cannot rely on purely speculative allegations that certain statements caused or will cause disruption to justify the regulation of employee speech." *Id.*

The Court has carefully reviewed the parties' submissions. Viewing the facts and inferences in the light most favorable to Plaintiff, the Court finds Defendants have failed to present sufficient evidence of actual disruption to outweigh Plaintiff's interest in her speech. The Court finds, therefore, that Defendants' interest in regulating the speech of their employees so that they can carry on an efficient and effective workplace does not outweigh Plaintiff's interest in free expression. Accordingly, the Court finds Plaintiff has satisfied the second prong of the *Pickering/Connick* test.

        3.      <u>Remaining Prongs of the *Pickering/Connick* Test</u>

In their motion for summary judgment, defendants assert plaintiff has failed to meet the third and fourth prongs of the *Pickering/Connick* test. In addition to satisfying the first and second prongs of the *Pickering/Connick* test, Plaintiff must show that her speech was a substantial factor driving the termination. If Plaintiff satisfies this requirement, then defendants are allowed to show they would have taken the same action even in the absence of the protected speech. *Horstkoetter*, 159

F.3d at 1271. The third and fourth prongs of the *Pickering/Connick* test are generally questions of fact for the jury. *Id*.

The Court has carefully reviewed the parties' submissions. Viewing the facts and inferences in the light most favorable to Plaintiff, as the Court must at the summary judgment stage, the Court finds there is sufficient evidence to create a genuine issue of fact as to the third and fourth prongs of the *Pickering/Connick* test. The Court, accordingly, finds that Defendants are not entitled to summary judgment on Plaintiff's First Amendment claim.

### 4. Qualified Immunity

Defendants also assert Kirkpatrick, in her individual capacity, is entitled to qualified immunity because her conduct did not violate any clearly established, statutory or constitutional rights of which a reasonable person would have known. Specifically, Defendants assert Kirkpatrick is entitled to qualified immunity because there is no underlying constitutional violation.

"In order for the law to be clearly established there must have been a Supreme Court or other Tenth Circuit decision on point so that 'the contours of the right [were] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *McFall v. Bednar*, 407 F.3d 1081, 1087 (10th Cir. 2005) (quoting *Finn v. New Mexico*, 249 F.3d 1241, 1250 (10th Cir. 2001)). Therefore, Kirkpatrick violated clearly established law, and thus is not entitled to qualified immunity, if she terminated Plaintiff for exercising her free speech rights. *McFall*, 407 F.3d at 1087.

In light of the Court's finding, *supra*, that there is sufficient evidence to support Plaintiff's First Amendment claim, the Court finds that Kirkpatrick, in her individual capacity, is not entitled to qualified immunity.

B.    *Burk* Claim

In *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989), the Oklahoma Supreme Court recognized an exception to the employment-at-will doctrine when it held that "[a]n employer's termination of an at-will employee in contravention of a clear mandate of public policy is a tortious breach of contractual obligations." *Id*. The *Burk* exception "applies to only a narrow class and [is] tightly circumscribed." *Clinton v. State ex rel. Logan County Election Bd.*, 29 P.3d 543, 545 (Okla. 2001). "The determination of public policy is generally a question of law." *Pearson v. Hope Lumber & Supply Co., Inc.*, 820 P.2d 443, 444 (Okla. 1991); *see Hargrave v. Canadian Valley Elec. Coop.*, 792 P.2d 50, 59 (Okla.1990). Whether the public policy was violated is a question of fact. *Pearson*, 820 P.2d at 444.

"To prevail on a claim of wrongful discharge in violation of Oklahoma's public policy, a plaintiff must first identify an Oklahoma public policy goal that is well established, clear and compelling and articulated in existing constitutional, statutory or jurisprudential law." *Barker v. State Ins. Fund*, 40 P.3d 463, 468 (Okla. 2001) (citing *Clinton*, 29 P.3d at 546). "In addition, plaintiff must prove he or she was an at-will employee, that he or she was actually or constructively discharged from employment and that the employer's discharge decision violated the articulated public policy." *Id*. Further, "[t]he identified public policy 'must truly be public, rather than merely private or proprietary.'" *Barker*, 40 P.3d at 468 (quoting *Hayes v. Eateries, Inc.*, 905 P.2d 778, 786 (Okla. 1995)).

Oklahoma law protects from retaliatory discharge "both internal and external reporting of whistle-blowers who establish a sufficient public policy violation." *Barker*, 40 P.3d at 468. However, "Oklahoma does not recognize a Burk tort for public employees who complain about the

way an organization is managed when the complaints merely exhibit differences of opinion or dissatisfaction with discretionary management decisions and the like. Something more is required such as reporting fraudulent activity or criminal misuse of funds." *Id.* at 469-70.

Defendants argue that Plaintiff cannot establish a clear public policy violation because her alleged "whistle-blowing" complaints are based on her personal opinions about how the OBVME was managed.  In support of her contention that her discharge was in violation of public policy, Plaintiff relies upon Article 2 § 22 of the Oklahoma Constitution which provides:

> Every person may freely speak, write, or publish his sentiments on all subjects, being responsible for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech or of the press. In all criminal prosecutions for libel, the truth of the matter alleged to be libelous may be given in evidence to the jury, and if it shall appear to the jury that the matter charged as libelous be true, and was written or published with good motives and for justifiable ends, the party shall be acquitted.

Okla. Const. art. 2, § 22; *Acevedo v. City of Muskogee*, 897 P.2d 256, 262 (Okla. 1995) (The Oklahoma Supreme Court "will not hesitate to protect an employee's right to free speech.").  The Court finds that Plaintiff has articulated a sufficiently clear public policy.  Specifically, the Court finds that Plaintiff's complaints are in the nature of a report of criminal activity, rather than mere opinion about the way the OBVME was being managed.

Further, because Defendants arguments regarding Plaintiff's *Burk* claim are based on their assertion that Plaintiff cannot establish a sufficiently clear public policy, and in light of the Court's finding to the contrary, *supra*, the Court finds that Defendants are not entitled to summary judgment on Plaintiff's *Burk* claim.

    C.    <u>FLSA Claim</u>

Under the FLSA, no employer shall employ any of its covered employees for a work week

that is longer than forty (40) hours unless that employee receives as compensation for his employment at least one and one-half times the regular rate for all overtime hours. 29 U.S.C. § 207(a). An employer who violates this provision is liable to the employee for the overtime wage, as well as an additional equal amount as liquidated damages, attorney fees, and costs. 29 U.S.C. § 216(b).

In *Freeman v. State of Okla., ex rel. DHS*, 145 P.3d 1078 (Okla. 2006), the Oklahoma Supreme Court held, unanimously that the State of Oklahoma has not consented to private suits for damages under the FLSA. Plaintiff contends that she may assert a claim under 42 U.S.C. § 1983 for a violation of the FLSA and that, at a minimum, she should be allowed to amend her complaint to assert her claim regarding Defendants' alleged violation of the FLSA under 42 U.S.C. § 1983.

Liability under § 1983 is restricted to "persons" and the Supreme Court has concluded that "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. State Police*, 491 U.S. 58, 71 (1989). Accordingly, the Court finds that Plaintiff's claims against OBVME and Kirkpatrick, in her official capacity, regarding alleged violation of the FLSA should be dismissed. However, the Court finds that Plaintiff should be allowed to amend her Complaint to assert her claim against Kirkpatrick, in her individual capacity, regarding alleged violation of the FLSA under § 1983.

### D.   Breach of Contract Claim

An employer may have a duty to comply with its own policies and procedures. *Breshears v. Moore*, 792 P.2d 91, 93-94 (Okla. 1990). Defendants do not dispute that OBVME policies obligate it to pay overtime at a rate of one and one-half times the regular rate. However, Defendants assert that the overtime Plaintiff worked, if any, was minimal and that, therefore, Defendants' failure

to compensate her for any such overtime does not constitute a material breach. As such, Defendants contend that they are entitle to summary judgment on Plaintiff's breach of contract claim.

Having carefully reviewed the parties' submissions, the Court finds that Plaintiff has presented sufficient evidence to withstand summary judgment on her breach of contract claim.

IV.     CONCLUSION

For the reasons set forth in detail above, the Court hereby GRANTS IN PART and DENIES IN PART "Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment" [docket no. 7] as follows:

(1) The Court GRANTS the instant motion as to Plaintiff's FLSA claim, DISMISSES Plaintiff's FLSA claim, and GRANTS Plaintiff leave to amend her complaint to assert a 42 U.S.C. § 1983 claim based on violations of the FLSA against Kirkpatrick in her individual capacity. Plaintiff shall file her Amended Complaint within 20 days of the date of this Order; and

(2) The Court DENIES the instant motion as to Plaintiff's remaining claims.

**IT IS SO ORDERED this 17th day of August, 2007.**

_____
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE