## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

RAJEANNA DIXON,                          )
                                         )
                    Plaintiff,           )
                                         )
vs.                                      )          Case No. CIV-06-1003-M
                                         )
OKLAHOMA BOARD OF VETERINARY )
MEDICAL EXAMINERS, et al.,               )
                                         )
                    Defendants.          )

## ORDER

Before the Court is defendant Oklahoma Board of Veterinary Medical Examiners'

("OBVME") Second Motion for Partial Summary Judgment and Brief in Support [docket no. 44].

On April 23, 2009, plaintiff filed her response, and on May 4, 2009, defendant OBVME filed its

reply.  Based upon the parties' submissions, the Court makes its determination.

### I.    INTRODUCTION

Plaintiff Rajeanna Dixon was employed as an investigative assistant by defendant OBVME

from June 2000 until her employment was terminated on July 14, 2004.  Plaintiff alleges she was

terminated in retaliation for reporting wrongdoing at defendant OBVME, including the improper

expenditure of public funds and inappropriate and illegal behavior by defendant OBVME's

employees, such as speeding and driving state-owned vehicles in an unsafe manner.  Plaintiff asserts,

*inter alia*, that her speech was protected by the Oklahoma Constitution and that her termination was

a violation of the Oklahoma Constitution and Oklahoma's public policy.   Additionally, plaintiff

alleges that defendants willfully refused to compensate her for overtime she worked while employed.

On September 18, 2006, plaintiff filed the instant action asserting the following four causes

of action: (1) § 1983 claim for violation of plaintiff's First and Fourteenth Amendment rights to

speak  on matters of public concern; (2) wrongful termination in violation of Oklahoma public policy for plaintiff's exposing wrongdoing of defendant OBVME and exercising her legal rights against defendant OBVME; (3) violation of the Fair Labor Standards Act for defendant OBVME's failure to pay plaintiff overtime; and (4) breach of contract for defendant OBVME's failure to pay plaintiff overtime.  Defendant OBVME now moves for summary judgment on plaintiff's second cause of action.

II.     SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party."  *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts.  Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pacific R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

2

III.    DISCUSSION

The Oklahoma Supreme Court "recognize[s] a cause of action for wrongful discharge in violation of public policy, creating an exception to its general rule of at-will employment." *Wilburn v. Mid-South Health Dev't, Inc.*, 343 F.3d 1274, 1277 (10th Cir. 2003) (citing *Burk v. K-Mart*, 770 P.2d 24 (Okla. 1989)).  This cause of action, known as a *Burk* tort, is "tightly circumscribed" and is available only when "an employee is discharged for refusing to act in violation of an established and well-defined public policy or for performing an act consistent with a clear and compelling public policy." *Id.* (quotation omitted).  "The clear and compelling public policy on which the plaintiff relies must be articulated by state constitutional, statutory, regulatory or decisional law." *Id.*

Plaintiff asserts four bases upon which she relies to support her *Burk* tort claim for wrongful termination:

> (1) the public policy encouraging the reporting of wrongful government activities and to deter retaliation against state employees for reporting those activities, as set forth in Okla. Stat. tit. 25, § 840-2.5;

> (2) the public policy protecting the right of citizens of Oklahoma to the freedom of expression as embodied in Article 2, Section 22 of the Oklahoma Constitution;

> (3) the public policy prohibiting discrimination in state government goods, services and employment, including specifically public employment, as set forth in Okla. Stat. tit. 25, §§ 1302 and 1402, and Okla. Stat. tit. 74, §§ 840-2.9 and 954; and

> (4) the public policy prohibiting gifts from the State to individuals, as expressed in Article 10, Section 15 of the Oklahoma Constitution.

*See* Response, at 9.

3

A.     Whistleblower Act

The Oklahoma Legislature has declared that "[t]he purpose of the Whistleblower Act is to encourage and protect the reporting of wrongful governmental activities and to deter retaliation against state employees for reporting those activities." Okla. Stat. Supp. tit. 74, § 840-2.5(A).

> In addition to prohibiting officers and employees of state agencies from taking disciplinary action against whistleblowers, the Legislature has provided two measures to ensure the purpose of the Whistleblower Act is carried out generally and in specific cases. The Legislature has provided (1) an appeal with the Oklahoma Merit Protection Commission to any state employee or former state employee aggrieved pursuant to this section, and (2) corrective action against any employee found to have violated the Whistleblower Act. 74 O.S. Supp. 2008 § 840-2.5(G) and (H).

*Shephard v. Compsource Okla.*, No. 104865, 2009 WL 1139245, at ¶5. (Okla. April 28, 2009). Significantly, the Oklahoma Supreme Court concluded "the remedies...provided in the Act were sufficient to protect the statutory public policy." *Id*. at ¶7. "Where a statutory remedy exists that is sufficient to protect the Oklahoma public policy goal, an employee has an adequate remedy that precludes resort to a tort cause of action to redress a termination in violation of the public policy." *Id*. at ¶12.

In this case, plaintiff asserts a violation of the Whistleblower Act, Okla. Stat. tit. 74, § 840-2.5, as a basis for her *Burk* tort claim concerning her wrongful termination. Having reviewed the parties' submissions, the Court finds plaintiff is foreclosed from bringing a *Burk* tort claim for wrongful termination based upon the Whistleblower Act because the statute itself provides an adequate remedy at law.

Accordingly, the Court grants the motion for summary judgment as to the availability of a *Burk* tort claim as premised upon the Whistleblower Act.

4

B.      Constitutional guarantee of freedom of speech

Pursuant to Article 2, Section 22 of the Oklahoma Constitution, "[e]very person may freely speak, write or publish his sentiments on all subjects, being responsible for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech or of the press..."  The free speech provision of the Oklahoma Constitution is broader and more protective of free speech rights than is the First Amendment of the United States Constitution.  *See Edmondson v. Pearce*, 91 P.3d 605, 633-634 n.40 (Okla. 2004) (observing "that the Oklahoma Constitution is more protective of speech than is the United States Constitution") (internal citation omitted).  Specifically, the "Oklahoma Constitution's protection of free speech *is far more broadly worded* than the First Amendment's restriction on governmental interference with speech."  *Gaylord Entm't Co. v. Thompson*, 958 P.2d 128, 138 n.23 (Okla. 1998) (emphasis in original).  The "fundamental law's free-speech-and-press components are intended to facilitate the functioning of a democratic government by protecting speech that relates to the self-governing process."  *Id*. at 138.

In this case, defendant OBVME asserts that the analysis for determining whether a person's right to free speech provided under Okla. Const. art. 2, § 22 has been violated is the identical analysis courts conduct when determining a First Amendment violation.  In her response, plaintiff contends the free speech provision of the Oklahoma Constitution is a valid basis for plaintiff's wrongful termination claim notwithstanding any inconsistent determination the Tenth Circuit made concerning plaintiff's First Amendment rights.  Defendant OBVME does not dispute that the Oklahoma Constitution, and specifically, Okla. Const. art. 2, § 22 may well form the basis for a *Burk*

tort premised upon wrongful discharge, but contends that the decisional law cited by plaintiff leads to the conclusion that no wrongful termination has occurred.[1]

Having reviewed the parties' submissions, the Court finds that supports plaintiff's *Burk* tort claim may be based upon an alleged violation of the free speech provision of the Oklahoma Constitution.  Furthermore, the Court finds that the Oklahoma free speech clause sweeps more broadly than the First Amendment of the United States Constitution.  As such, the Court finds conclusion that no wrongful termination occurred pursuant to the First Amendment of the United States Constitution does not necessarily lead to the conclusion that no wrongful termination occurred pursuant to the free speech provision of the Oklahoma Constitution.  In this regard, the Court finds that defendant OBVME has failed to present clear authority for its premise that the First Amendment analysis under the United States Constitution extends to the free speech provision of the Oklahoma Constitution.  As defendant OBVME has failed to sufficiently demonstrate a valid basis for relief at this stage of litigation, the Court denies the motion for summary judgment as to plaintiff's *Burk* tort claim as premised upon Oklahoma's constitutional guarantee of free speech.

C.    Remaining public policy bases

In her response, plaintiff asserts two remaining public policy bases in support of her *Burk* tort claim.  First, plaintiff contends the public policy prohibiting discrimination in state government goods, services and employment, including specifically public employment, as set forth in Okla. Stat. tit. 25, §§ 1302 and 1402, and Okla. Stat. tit. 74, §§ 840-2.9 and 954, provides a basis for her

---

[1]Defendant OBVME cites to *Acevedo v. City of Muskogee*, 897 P.2d 256 (Okla. 1995) for the proposition that plaintiff's wrongful termination claim based upon Oklahoma's constitutional free speech provision should be disallowed.  Upon review,  the Court finds that the holding in *Acevedo* was premised upon the First Amendment of the United States Constitution, rather than the free speech provision in the Oklahoma Constitution.

*Burk* tort claim.  Second, plaintiff contends the public policy prohibiting gifts from the State to individuals, as expressed in Article 10, Section 15 of the Oklahoma Constitution, provides a basis for her *Burk* tort claim.  Having reviewed the parties' submissions, the Court finds that defendant OBVME has wholly failed to address these specific public policies and has failed to articulate any basis for summary judgment as these bases.  Accordingly, the Court denies the motion for summary judgment as to plaintiff's *Burk* tort claim as premised upon Oklahoma's public policies on discrimination in public employment and the prohibition of gifts to individuals.

IV.    CONCLUSION

The Court, for the reasons set forth above, DENIES the motion for summary judgment as to plaintiff's *Burk* tort claim for wrongful termination.[2]

**IT IS SO ORDERED this 26th day of May, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court would note that plaintiff's *Burk* tort claim can not be based on the Whistleblower Act.

7